IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
SEP -7 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.                                                                                  CRIMINAL NO. 3:16cr70 DPJ-LRA

LEON BROWN,                                                        21 U.S.C. § 846
SHREDEWRICK ANDERSON,                                21 U.S.C. § 841(a)(1)
TIMOTHY PERKINS,                                               18 U.S.C. § 924(c)(1)(A)
CHARLIE LEE MARTIN,
PETER GREGORY,
FNU LNU a/k/a "Spencer,"
ANTWAINE RHODES, and
RUDOLPH WALKER

**The Grand Jury charges:**

COUNT 1

That from sometime in October 2015 through the date of this indictment, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **LEON BROWN, SHREDEWRICK ANDERSON, TIMOTHY PERKINS, CHARLIE LEE MARTIN, PETER GREGORY, FNU LNU a/k/a "Spencer," ANTWAINE RHODES and RUDOLPH WALKER**, did knowingly and intentionally conspire, with each other and others known and unknown to the Grand Jury, to possess with intent to distribute cocaine hydrochloride, a Schedule II narcotic drug controlled substance, and cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

**QUANTITY OF CONTROLLED SUBSTANCES INVOLVED IN THE CONSPIRACY**

With respect to **LEON BROWN**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section

841(b)(1)(B).

With respect to **SHREDEWRICK ANDERSON**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to **TIMOTHY PERKINS**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to **CHARLIE LEE MARTIN**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to **PETER GREGORY**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to **FNU LNU a/k/a "Spencer"** the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a detectable amount of cocaine hydrochloride, a

Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to **ANTWAINE RHODES**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, and a detectable amount of cocaine base, commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to **RUDOLPH WALKER**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is more than 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## COUNT 2

That on or about November 10, 2015, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **LEON BROWN, SHREDEWRICK ANDERSON, TIMOTHY PERKINS, CHARLIE LEE MARTIN and PETER GREGORY**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute more than 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 3

That on or about November 20, 2015, in Hinds County, in the Northern Division of the

Southern District of Mississippi and elsewhere, the defendants, **LEON BROWN, TIMOTHY PERKINS, CHARLIE LEE MARTIN and RUDOLPH WALKER**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute more than 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 4

That on or about November 20, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **ANTWAINE RHODES**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 500 grams or more of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 5

That on or about November 20, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **ANTWAINE RHODES**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute more than 28 grams of a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 6

That on or about November 20, 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi, the defendant, **ANTWAINE RHODES,** did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of

the United States, that is, possession with intent to distribute cocaine hydrochloride and cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

In violation of Section 924(c)(1)(A), Title 18, United States Code.

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code; Section 2461, Title 28, United States Code; and Section 981(a)(1)(c), Title 18, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

_____
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 7th day of September, 2016.

UNITED STATES MAGISTRATE JUDGE

5

the United States, that is, possession with intent to distribute cocaine hydrochloride and cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

In violation of Section 924(c)(1)(A), Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code; Section 2461, Title 28, United States Code; and Section 981(a)(1)(c), Title 18, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 7th day of September, 2016.

UNITED STATES MAGISTRATE JUDGE

5