IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS. | CASE NO. 3:16cr70DPJ-LGI-005 |
| PETER GREGORY | DEFENDANT |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583(e)(1)**

Defendant, Peter Gregory, files his Memorandum in Support of his Motion for early termination of his Supervised Release pursuant to 18 U.S.C. § 3583(e)(1), as requiring Mr. Gregrory to continue the Supervised Release program would be unduly harsh and inappropriate. Further, his Supervised Release should be terminated in the interest of justice because his conduct warrants early termination as he has satisfied all conditions of his Supervised Release.

### I. INTRODUCTION

Mr. Gregory's Supervised Release began on August 14, 2020, when he was released from the residential reentry center. His Supervised Release term is currently scheduled to conclude on August 13, 2025. Mr. Gregory served over half of his term of Supervised Release (thirty-eight (38) months of the sixty (60) month term), paid all fines and assessments, and has not engaged in any additional crimes, nor violated his Supervised Release in any manner.

Mr. Gregory has fully complied with the conditions of his release, paid his fines, started multiple businesses, and has become a dedicated husband to his wife and a father to their two children, all of whom he supports financially. He is enrolled in the Doctoral Program at Grand Canyon University where he is pursuing his Doctoral Degree in Organizational Leadership with

1

an emphasis in Healthcare Administration. As owner of several businesses, he employs other members of the community and helps them provide for their families. He has had a successful post-release transition, which indicates his likelihood of continuing to be a positive and productive member of society and his community in the future. Mr. Gregory is attempting to expand his business into other states and the requirements of his Supervised Release severely limit his ability to do so, as he is not able to work out of state. This is because restrictions of the Supervised Release program only allow him to leave the state once every sixty (60) days. Mr. Gregory owns a renovation business and a lawn service business, both of which depend heavily on contract work and referrals. When he receives contract offers for work in locations outside of the state, he is currently forced to decline said contract offers or not be able to compete for said contract offers because of the restrictions of the Supervised Release program. To date, he has suffered business opportunity losses in Colorado, Texas, and Tennessee. As such, the Supervised Release program is limiting his ability to provide for his family. Further, he has also been denied attending homegoing services for his out-of-state family members because of the notice requirements and the "one-time allowance every 60 days" of the program.

    Mr. Gregory is being supervised by the United States Probation Office for the Southern District of Mississippi. Before filing this motion, Defense Counsel spoke telephonically with Mr. Gregory's Probation Officer in consideration of this motion. Said Probation Officer informed Defense Counsel that his office has no position as to Mr. Gregory's request herein, but that Mr. Gregory has done everything required of him during his Supervised Release term and he is in full compliance with all areas of supervision. Further, he informed Defense Counsel that although he would not take a position either for or against if this Honorable Court inquired of him to provide information as to Mr. Gregory's Supervised Release, he would inform this Honorable Court of Mr.

Gregory's status as being in fully compliant with the Supervised Release requirements and having no violations. Mr. Gregory has demonstrated exceptional conduct and showed his commitment to reform by being stellar in performing the requirements of his probation, starting and running his businesses Professional Grade Renovations, LLC and Professional Grade Lawn Services, LLC, and taking care of his wife and children.

## II.     LEGAL STANDARD

The Court has broad discretion to determine whether to grant early termination of supervised release. *United States v. Jeanes*, 150 F.3d 483, 485 (5th Cir. 1998). Under title 18, section 3583(e)(1) of the United States Code, a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Section 3583(e) directs the Court to consider the purpose of sentencing set forth in 18 U.S.C. § 3553(a). Those factors include the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. 18 U.S.C. § 3553(a).

Previously, in the Southern District of Mississippi, Northern Division, a United States District Court opined that "exceptionally good behavior can merit early termination." *United States v. Andrews*, 2022 U.S. District LEXIS 24736. Further, the same Court found that where there is exceptionally good behavior, and the "circumstances render his term or conditions of release either too harsh or inappropriately tailored to serve Section 3553(a)'s goals…" "refusing to terminate Andrews' supervised release early would result in an unduly harsh and

3

inappropriately tailored sentence." *Andrews* at 8. Furthermore, where there is an "undue hardship", said hardship establishes that the interest of justice weighs in favor of early termination. *United States v. Washington*, 2020 U.S. Dist. LEXIS 167084.

Additionally, according to the Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added) policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

### III.  U.S.C. § 3553(a) FACTORS FAVOR TERMINATING MR. GREGORY'S SUPERVISED RELEASE

In *Andrews*, 2022 U.S. District LEXIS 24736, the District Court granted Andrews' motion to terminate his period of supervised release early. The circumstances therein mirror the circumstances herein as to the considerations of the Defendants' exceptionally good behavior and too harsh or inappropriately tailored sentence. Therefore, as in *Andrews*, we respectfully submit that this Honorable Court should terminate Mr. Gregory's Supervised Release early.

In *Andrews*, Defendant Michael Andrews was sentenced to 87 months in prison and four (4) years of Supervised Release, a $1,000.00 fine, and a $100 special assessment for one count of possessing five grams or more of actual methamphetamine with intent to distribute. After being released on September 18, 2019, and being in the Supervised Release program for a little more than a year later, Mr. Andrews moved for early termination of his supervised release under 18 U.S.C. § 3583(e)(1). At that time his request was denied as "he had served less

4

than half his sentence of the supervised release term." *Andrews*, at 2. After another year passed and Andrews had served more than half his sentence, he renewed his motion, and the District Court therein granted his request for early release. *Andrews*, at 9. In granting the early release, the District Court stated that:

> Andrews has fully complied with his conditions of release. He has paid off his fines. He completed "educational . . .training" and "correctional treatment." § 3553(a)(2)(D). Indeed, in his motion, Andrews lists completion of 11 programs, including a 500 hour residential drug abuse program. *See* Docket No. 90. This Court has already "commend[ed] Andrews on his record while in custody." Docket No. 94, at 2. Since his release from prison, Andrews has started his own business and is taking care of his children. Such accomplishments testify to Andrews' successful transition post-incarceration and reflect positively on his future productivity and engagement in prosocial behaviors.

*Id*. at 5

Herein, Mr. Gregory has fully complied with the conditions of his release and shown exceptionally good behavior, paid off his fines, and has started and maintained successful businesses, is enrolled and pursuing a Doctoral Degree, and remains a dedicated husband to his wife and father to his children, while also supporting them financially. As in Andrews, this is a testament to Mr. Gregory's post-incarceration transition and a measure of predictability for his future.

The District Court in Andrews opined the following during the discussion as the § 3553(a) factors. As to the need to protect the public, the "Lack of opposition by the Probation Office, then, demonstrates that the public safety factor…weighs in favor of early termination." *Id*. at 6. Citing *United States v. Arledge*, 2015 U.S. District LEXIS 71806. Herein, Mr. Gregory's Probation officer while under his supervision informed Counsel for Mr. Gregory that he has no position as Mr. Gregory has met all the conditions of the program, and that upon inquiry, he will inform the Court of Mr. Gregory's meeting such conditions. Mr. Gregory submits that the Probation Officer's

5

expressed position indicates that the Probation Office does not oppose the request herein. In consideration of said expressed opinion, it is apparent that Mr. Gregory has been exemplary during his Supervised Release and has not taken any actions or inaction that would necessitate the Probation Office opposing his request herein. Therefore, this factor weighs in favor of terminating Mr. Gregory's Supervised Release early.

As to the nature of the offense, the District Court in Andrews noted that while Mr. Andrews' conviction stemmed from a serious crime, the sentence was sufficient to effectuate justice and satisfied the needs of § 3553(a)(2)(A) as it was "sufficient, but not greater than necessary." *Id*. at 6. The Court further noted that the sentence deterred future criminal conduct by Andrews and for the public (protection of the public factor). *Id*. at 6. After noting the above, the Court opined that the early termination of Andrews' supervised release was warranted under § 3553(a). *Id*. at 6. Herein, Mr. Gregory was sentenced to 55 months and five (5) years of Supervised Release for Conspiracy to Possess with Intent to Distribute 500 grams or more of Cocaine Hydrochloride. Mr. Gregory was released after serving his imprisonment sentence and has served more than half (thirty-eight (38) months of the sixty (60) month term) of his Supervised Release term. As in Andrews', Mr. Gregory's sentence sufficiently effectuated justice, satisfies § 3553(a)(2)(A), and deters future conduct. Therefore, the nature of the offense, the need to deter criminal activity, the need to protect the public, and the kinds of sentences available factors also weigh in favor of terminating Mr. Gregory's Supervised Release early.

As to the history and characteristics of the Defendant, the time Mr. Gregory served incarcerated as well as the time in the Supervised Release program are sufficient. Notably, Mr. Gregory has committed no probation violations during his time on Supervised Release, had no positive drug test, requested, and had approved any trips he has taken out of state, and did not

6

travel if the requests were not approved, even when he was denied approval to travel to his very close Aunt's homegoing services in California. Mr. Gregory went above and beyond to ensure he complied with every requirement and directive of his Supervised Release Officer. Further, Mr. Gregory owns and operates several businesses and is enrolled at Grand Canyon University pursuing a doctoral degree. This factor also weighs in favor of early termination. As the District Court in *United States v, Gandy*, 15-cr-20338-3 (E.D. Mich. Aug. 2, 2023) noted as to this factor "Additionally, the eighteen months Defendant has already served on supervised release, along with the substantial custodial sentence imposed in this case, are sufficient to reflect "the nature and circumstances of the offense and the history and characteristics of the defendant" and to specifically deter Defendant from engaging in similar criminal conduct. *Id*. at 7. Mr. Gregory is successfully navigating his multiple businesses, pursuing a doctoral degree, providing for his family, and performing exceptionally in the Supervised release program. Therefore, the educational or vocational training factor also weighs in favor of early termination.

The District Court therein analyzed the factors in §3553(a) and determined them to be in favor of terminating Mr. Andrews' supervised release early. As shown above, as to each factor, the circumstances herein weigh in favor of terminating Mr. Gregory's Supervised Release just as the District Court determined in Andrews.

Additionally, in *Gandy*, the District Court noted when terminating the Defendant's Supervised Release early, that the government acknowledged that "[t]he purpose of supervised release is to assist defendants with reintegration into society." *Gandy* at 8. In reference to the government's position, the Court stated:

> *"*Indeed, the undersigned regularly encourages defendants during sentencings to seek early termination of supervised release if they are in full compliance with the conditions of their supervision and can demonstrate successful reintegration into the

7

>community. In this case, the Defendant's conduct while on supervised release (and previous conduct while on pretrial release) demonstrates a consistent and successful effort to reintegrate into society. Despite the Government's suggestion to the contrary, Defendant's supervision has placed substantial limitations on his liberty. These include limits on Defendant's ability to travel outside the Eastern District of Michigan and to engage in certain financial transactions. Defendant is also subject to reporting obligations and limitations on certain social interactions, among other requirements. *(See id.)* It is not in the interest of justice to continue such restrictions.

Id. at 8.

Defendant submits that the considerations of the Court in Gandy are also applicable to Mr. Gregory herein, as articulated above, Mr. Gregory has demonstrated reintegration into the community, shown exemplary conduct, and is being limited by the program. Therefore, it would be unduly harsh and inappropriate and not in the interest of justice to continue to require Mr. Gregory to continue serving under the Supervised Release program.

As an additional consideration, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of Supervised Release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Accordingly, the Defendant also submits to the Court that, in addition to the above, from a policy standpoint, his Supervised Release should be terminated. The factors in §3553(a) all weigh in favor of terminating Mr. Gregory's Supervised Release early. In addition, policy supports doing so as well.

**IV.   FAMILY AND COMMUNITY SUPPORT FOR TERMINATING MR. GREGORY'S SUPERVISED RELEASE**

Mr. Gregory's wife, Mrs. Tracey Gregory, submits her support for her husband Mr. Gregory's request herein. See *Exhibit 1 attached to Defendant's Motion*. Therein, Mrs. Gregory expresses that she has witnessed Mr. Gregory's dedication to growing as a person and his commitment to making amends for his past actions. Mr. Gregory and Mrs. Gregory have been reunited since his release from Prison and her testament as to Mr. Gregory's growth, respectfully, should be considered by this Honorable Court.

Hinds County Sheriff Mr. Tyree Jones has known Mr. Gregory for quite some time, and he also submits his support for Mr. Gregory's request herein. Sheriff Jones expresses that he has witnessed firsthand Mr. Gregory's transformation and commitment to positive change. He describes Mr. Gregory as a dedicated husband, father, and business owner who gives back to his community and has a strong support system. Sheriff Jones states that he believes that Mr. Gregory should be considered for early release of the Supervised Release program and that Mr. Gregory is a prime candidate for said requested release. See Sheriff Jones' letter in support attached hereto as *Exhibit 2 attached to Defendant's Motion*.

Mr. Gregory attends Greater Pearlie Grove Missionary Baptist Church and his pastor; Reverend Arthur Bridges has witnessed Mr. Gregory's spirituality and dedication as an active member of his congregation. Attached to this Motion is Reverend Bridges' letter in support of Mr. Gregory's request for early termination. See *Exhibit 3 attached to Defendant's Motion*. Therein, Reverend Bridges expresses his support, provides Mr. Gregory's contributions to the Church through volunteer construction work and lending equipment, and notes that Mr. Gregory was recently awarded a medal as "Servant Honoree" by the Greater Pearlie Grove. Additionally, attached hereto are letters in support from Mr. Gregory's best friend, whom he has known his

entire life, Mr. Cory Horton and Ms. Pam Hudson. See *Exhibits 4 and 5 attached to Defendant's Motion*. Mr. Horton provides some qualities and character as to Mr. Gregory and expresses the dedication and commitment Mr. Gregory has shown to meaningfully and positively contribute to the community. Ms. Hudson also expresses her support for Mr. Gregory's early release from the Supervised Release program. She expresses that Mr. Gregory has demonstrated positive change, dedicated himself to earning an honest living, and understands the value of choosing to do the right thing. Lastly, because Mr. Gregory has successfully been reformed, she describes Mr. Gregory as an excellent example of what can be achieved through probation service with hard work, determination, perseverance, and great intentionality.

As shown in the letters of support referenced above and attached hereto, Mr. Gregory is a faithful husband, providing father, servant, employer, and friend of integrity and character and who has been reformed. He is a business owner of a construction company, who will benefit and be able to better provide for his family without the limitations of the Supervised Release program. Mr. Gregory has completed every condition asked of him and has shown exceptional behavior during the Supervised Release term. He has fully reintegrated into society and is a valued employer/worker, family member, and citizen. He has achieved stable community reintegration and has had no violations during his Supervised Release term. He enjoys the support of his family and community. He is the ideal candidate for early termination of Supervised Release based on every factor the Court must consider.

### V.   CONCLUSION

Mr. Gregory respectfully submits that his good conduct and his being reformed warrants early termination. Furthermore, early termination of his Supervised Release serves the ends of

justice as it is not in the interest of justice to continue the restrictions of the Supervised Release placed on Mr. Gregory. Therefore, he respectfully requests that the Court order that his term of Supervised Release be terminated under 18 U.S.C. § 3583(e)(1).

  RESPECTFULLY SUBMITTED this, the 8th day of November 2023.

             Peter Gregory, Defendant

**BY:**    */s/ Kevin Bass*
       Kevin Bass (MSB #103968)
       Marcus Williams (MSB #104817)
       WILLIAMS & BASS, PLLC
       Post Office Box 12889
       Jackson, Mississippi 39236
       Telephone: (601) 398-2266
       Fax: (601) 351-5496
       kbass@williamsbass.com
       mwilliams@williamsbass.com

## CERTIFICATE OF SERVICE

I, Kevin B. Bass, Esquire, do hereby certify that I have this day caused to be delivered, via electronic filing with CM/ECF, a true and correct copy of the above and foregoing "DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583(e)(1)" which sent notification to Keesha D. Middleton-Federal Gov appearing for USA, the most recently appearance noticed Counsel for USA.

THIS, the 8th day of November 2023.

*/s/Kevin Bass*
**KEVIN BASS**