IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                               Criminal No.: 3:16-cr-00070-DPJ-LGI-005

PETER GREGORY

### RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [324]

COMES NOW, the United States of America, by and through undersigned counsel, and files this Response to Defendant's Motion for Early Termination of Supervised Release [324]. The Government opposes the Defendant's request for early termination of his supervised release term. In support of its Response, the Government would show unto the Court the following:

### BACKGROUND

Defendant was a member of a drug trafficking organization that became the subject of a years long investigation by the Mississippi Bureau of Narcotics and U.S. Drug Enforcement Administration. [Doc. 206, at 13]. Defendant served as a courier for a drug trafficking organization associated with the Vice Lords street gang carrying kilograms of cocaine and money from Jackson, Mississippi to the Mississippi Gulf Coast. *Id*, at 14. Calls between the Defendant and drug traffickers were intercepted by law enforcement that allowed them to successfully surveil Defendant engaged in drug trafficking. *Id*. The law enforcement reports detail that the Defendant was an integral part of at least four drug transactions in furtherance of the operation. *Id*.

Defendant was indicted on September 7, 2016, on one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) and one count of possession with intent to distribute a controlled substance in

violation of 21 U.S.C. §841(a)(1). Defendant was arrested on September 19, 2016. Defendant pleaded guilty on April 28, 2017 to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) and count two of the Defendant's indictment was dismissed on the Government's motion. Defendant was sentenced on November 30, 2018 to 55 months in the custody of the Bureau of Prisons to be followed by a 5-year term of supervised release. [Doc. 209].

Defendant's term of supervised release began on August 14, 2020, and is set to expire on August 13, 2025.

## RESPONSE

### I.    Legal Standard

The Defendant makes his Motion under 18 U.S.C. § 3583(e)(1), which allows the Court to terminate a term of supervised release and discharge the Defendant from release at any time after the Defendant has served one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The Court may take action after considering the factors from 18 U.S.C. § 3553(a). The factors are:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed to afford adequate deterrence to criminal conduct;
3. the need for the sentence imposed to protect the public from further crimes of the defendant;
4. the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
5. the kinds of sentence and the sentencing range for the category of offense and category of defendant and whether the terms of supervised release were violated;
6. the pertinent policy statements by the Sentencing Commission;

> 7. the need to avoid unwarranted sentence disparities among defendants with similar records who have been guilty of similar conduct; and
> 8. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *United States v. Lynn*, 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022).

District courts enjoy considerable discretion in determining when the interests of justice warrant early termination, and "courts have consistently declined to grant such relief just because the defendant has complied with his conditions." *Id* (citing *United States v. McClain*, 2009 WL 854107, at *1 (E.D. Wis. Mar. 30, 2009)). "Compliance with the terms of supervision and with the law is not enough to warrant termination; such conduct is expected and required." *United States v. Jones*, 2013 WL 2417927, at *1 (S.D. Tex. Jun. 4, 2013); *accord United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected and without more, insufficient to justify early termination."); *United States v. Mitchell*, No. 1:13-cr-538-RMB, 2020 WL 64541, at *2 (D.N.J. Jan. 7, 2020) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination.") (*quoting United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003)); *United States v. Singleton*, No. 4:13-cr-248(1), 2020 WL 3271633, at *1 (E.D. Tex. Jun. 17, 2020)).

## II.     Response to Defendant's Cited Reasons for Relief

Defendant argues that he should be granted early termination and discharge from supervision because he has successfully complied with the terms of his release thus far, is enrolled in college, and is the owner of multiple small businesses that suffer due to his travel restrictions. [Doc. 324 ¶ 2, 3, 4, 6, 7, 8]. Defendant additionally contends that he is inconvenienced by the notice and prior-approval conditions on his interstate travel to attend family functions. *Id* ¶ 9. As a whole, Defendant's motion demonstrates only that he has complied with the terms of his

3

probation and has maintained steady employment. Defendant's cited reasons are inadequate and do not qualify him for relief.

First, the fact that Defendant has complied with the conditions of his release are not proper grounds for early termination and discharge. "Generally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required." *United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020), report and recommendation adopted, No. 3:19-CR-0332-S, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020). The reward for compliance with the terms of supervised release is the defendant's continued release from *incarceration*—not early release from any form of supervision. Defendant is rewarded with liberty every day for his continued compliance with the terms and conditions of his probation. Defendant's disagreement with the scope of that liberty is not a proper basis for relief.

Second, Defendant's contention that the current terms of his probation limit his ability to expand his renovation and landscape businesses to other states does not qualify him for relief. *United States v. Arledge*, No. 5:06-CR-18-DCB-JCS, 2015 WL 3504845, at *2 (S.D. Miss. June 3, 2015) (holding that although the supervised release may inhibit a defendant's ability to find more lucrative employment, this does not warrant early termination). Defendant himself recognized in his motion that he has been able to successfully maintain employment and support his family while complying with the terms of release. [Doc. 325 at 7 ("*Mr. Gregory is successfully navigating his multiple businesses*, pursuing a doctoral degree, *providing for his family*, and performing exceptionally in the Supervised release program.") (emphasis added)]. Defendant's alleged business losses and compliance with the terms of his current supervised release program do not qualify him for relief.

### III. Application of the Relevant 18 U.S.C. § 3553(a) Factors

Of the eight factors in 18 U.S.C. § 3553(a), the Defendant's request for relief focuses on a few select factors. First, the Motion focuses on the nature and circumstances of the offense but fails to address that the Defendant's conviction was for a serious drug offense that spread dangerous and illegal narcotics throughout the community. *See* [Doc. 325, at 6]. Second, concerning the history and characteristics of the Defendant, Defendant's request focuses on the Defendant's recent conduct while under supervision but ignores two decades of the Defendant's criminal history—which includes a conviction for a violent felony offense. *Id*. Third, and finally, the Defendant's request suggests that the Defendant's sentence of 55 months imprisonment and five years of post-release supervision was "too harsh or inappropriately tailored." *Id*, at 4.

#### A. The nature and circumstances of the offense and the history and characteristics of the defendant.

This factor weighs heavily against granting Defendant's requested relief.

The present case was not the Defendant's first felony conviction and was one of many interactions with law enforcement. On June 1, 2000, Defendant was convicted of strong-arm robbery in the Circuit Court of Hinds County, Mississippi (Cause No. 99-0-088-00TTG) and was sentenced to 5 years in the custody of the Mississippi Department of Corrections with 3 years suspended and 2 years to serve. [Doc. 206 at 17]. The Presentence Report in the present case noted that this conviction was related to an armed robbery of a liquor store in Jackson, Mississippi, during which a firearm was displayed in the commission of the robbery. *Id*. Defendant was also charged with felony possession of marijuana by the Flowood Police Department in on June 27, 2005, when he was found to be in possession of 324 grams of marijuana during a traffic stop. *Id*. Defendant later pleaded that felony arrest down to misdemeanor possession of a controlled substance. Defendant was convicted on September 8, 2008, and was sentenced to one year of probation and

5

associated fines. *Id*. The Defendant's criminal history also includes arrests for auto theft in 1998, contempt of court in 1998, carrying a concealed weapon in 1996 (two separate arrests), and possession of a controlled substance in 1996.

The offense for which the Defendant was convicted, conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) is a serious drug offense. The Defendant served as a courier of both drugs and money for a large-scale drug trafficking operation involving the Vice Lords street gang. [Doc. 206, at 14-15]. For purposes of sentencing, Defendant and the Government stipulated at sentencing that the Defendant had transported no less than 5 kilograms and no more than 15 grams of cocaine hydrochloride. Defendant's conduct furthered the negative impact narcotics have on the community and his willingness to transport for money received as a result of the drug sales helped further a drug trafficking operation that spread dangerous and illegal controlled substances throughout the community.

### B. The need for the sentence imposed to afford adequate deterrence to criminal conduct and the need for the sentence imposed to protect the public from further crimes of the defendant.

With respect to the second applicable factor, that the sentence imposed serve as an adequate deterrent to future criminal conduct, the Defendant's criminal history shows that he was undeterred from committing multiple criminal acts for a period of nearly twenty years. The Government disagrees that Defendant's sentence of 55 months imprisonment and five years of post-release supervision was "too harsh or inappropriately tailored." [Doc. 325, at 4]. Spanning from his first arrest in 1996 to his indictment in 2018, Defendant was arrested multiple times for drug and firearm offenses. Defendant's pattern of conduct has failed to demonstrate that the criminal justice system is an effective deterrent for his criminal conduct. Defendant still has a significant period of

time left on his supervised release term and it is the Government's position that his continued supervision will ensure his continued good conduct.

### C. The sentence imposed was fair and satisfied the interest of justice.

The sentence imposed was not "too harsh" or "inappropriately tailored." Based upon the Defendant's prior criminal history, including the full five-year supervision period was appropriate. The Defendant's past arrests and convictions did not deter him from committing additional crimes. Defendant's pattern of conduct shows that he *and the community* benefit from his continued supervision.

## CONCLUSION

Setting aside the Defendant's compliance with the terms of his supervised release, the Defendant's only basis for requesting termination of his supervised release is that he has suffered business losses by being unable to travel out of state to pursue business opportunities. For that reason, in addition to the 18 U.S.C. § 3553(a) factors, the Government opposes the Defendant's request for termination and discharge of the remaining 20 months of his supervised release term.

DATED:   November 14, 2023

Respectfully submitted,

TODD W. GEE
United States Attorney

By:   */s/ Samuel Goff*
Assistant United States Attorney
501 East Court Street, Suite 4.430
Jackson, MS 39201
Telephone: (601) 965-4480
Fax: (601) 965-4035
Mississippi Bar No. 105813
Email: samuel.goff@usdoj.gov

## CERTIFICATE OF SERVICE

    I, Samuel Goff, Assistant United States Attorney, hereby certify that on this day, I caused to be electronically filed the foregoing document with the Clerk of the Court, which provides notice to all counsel of record.

    This the 14th day of November 2023.

<u>/s/ Samuel Goff</u>
*Assistant United States Attorney*
