UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                      CRIMINAL NO. 3:16-CR-70-DPJ-LGI

PETER GREGORY

ORDER

Defendant Peter Gregory asks the Court to terminate his term of supervised release. Mot. [324]. As explained below, Gregory's motion is denied.

I.      Facts and Procedural History

In September 2016, Gregory and seven co-defendants were named in a multi-count drug-trafficking indictment. In April 2017, Gregory pleaded guilty to a single conspiracy count for his role as a courier and money launderer in the drug-trafficking operation, and on November 30, 2018, the Court sentenced Gregory to a below-guidelines 55-month term of incarceration to be followed by a 5-year term of supervised release.

Gregory began his term of supervised release on August 14, 2020. On November 8, 2023, he filed this motion seeking termination of that term. Gregory owns several businesses and says that the terms of his supervised release—in particular, the restriction on his ability to leave Mississippi—"severely limit his ability to" "expand his business into other states." Mem. [326] at 2. The Government opposes Gregory's motion.

II.     Analysis

Termination of a term of supervised release is governed by 18 U.S.C. § 3583(e)(1):

> The court may, after considering the factors set forth in section 3553(a) [other than sections (a)(2)(A) and (a)(3)] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal

>Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

By referencing § 3553(a), "[t]he statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence[—]largely the same considerations the court must assess when imposing the original sentence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).  "[T]he statute confers broad discretion." *Id.*  Finally, "[c]ourts have generally held that something more than compliance with the terms of probation is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Smith*, No. 3:10-CR-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014) (collecting cases).[1]

Gregory supports his request for early termination by pointing to his spotless record on supervised release:  he notes that he has paid all fines and assessments, has materially complied with the terms of supervision, has started and maintained businesses, and is pursuing his doctoral degree.  The Court sincerely commends Gregory on his post-release conduct.  But it concludes, after considering the applicable § 3553(a) factors, that the interest of justice does not support termination of Gregory's supervised release now.

As the Court noted during the sentencing hearing, Gregory's history and characteristics are far more positive than those of many criminal defendants, but there have been periods where he slips.  For example, he served in the United States Marine Corps but also incurred a felony

---

[1] "Because the statutes governing early termination of probation and supervised release . . . use the same language, courts have frequently relied on precedents governing requests interchangeably." *United States v. Reed*, No. 15-100, 2020 WL 4530582, at *2 n.1 (E.D. La. June 5, 2020) (citing *Smith*, 2014 WL 68796, at *1).

conviction for strongarm robbery and a misdemeanor drug-possession conviction around that same time.[2]  After those problems, he obtained a master's degree, started working on his Ph.D., and built an impressive career.  But he then lapsed and participated in a significant drug-trafficking operation where he was delivering kilo quantities of cocaine until his arrest in this case.  He also participated in laundering the drug proceeds, though the count of conviction did not cover that conduct.  Notably, his offense in this case was not a one-time lapse or simple mistake; it was a pattern of serious felony conduct.  The Court considered this up-and-down history during the sentencing hearing and concluded that the good outweighed the bad enough to justify a below-guideline sentence when considered with other factors.[3]

Since his release from incarceration, Gregory has done well again.  But viewing the record in its entirety, the Court concludes that the original below-guideline sentence and term of supervised release were appropriate and remain so.  Ending Gregory's term of supervised at this point would be insufficient to account for his history and characteristics, the need for deterrence, and the need to protect the public from further crimes.  On that final point, the Court is encouraged by Gregory's conduct since his release and notes that supervised release is designed in part to keep him from again slipping.  If Gregory has out-of-state matters he wishes to attend, he can seek leave from the supervising probation officer.

---

[2] Gregory says in his reply that he never committed armed robbery, but there is no dispute he pled guilty to that offense.

[3] The sentence also fell below the mandatory minimum as allowed by 18 U.S.C. § 3553(e).

III.     Conclusion

The Court has considered all arguments. Those not expressly addressed would not have changed the outcome. For the reasons stated, Gregory's Motion for Early Termination of Supervised Release [324] is denied.

**SO ORDERED AND ADJUDGED** this the 6th day of December, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE